Charles D. **MIDDLETON** and Deana Middleton, his wife, Plaintiffs/Respondents,

v.

Norman **BENNE** and C. Marlene Benne, his wife, Defendants/Appellants.

No. 61969.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 9, 1993.

---

Charles W. Niedner, St. Charles, for defendants/appellants.

Claude C. Knight, St. Charles, for plaintiffs/respondents.

GARY M. GAERTNER, Presiding Judge.

Appellants, Norman and C. Marlene Benne, appeal entry of a judgment in the Circuit Court of St. Charles County, awarding respondents, Charles and Deana Middleton, the sum of $5,243.90 plus costs. We affirm.

On April 18, 1990, the parties herein entered into a contract to purchase residential real estate. By its terms, respondents agreed to buy the home and acreage located at 4255 Benne Road in Defiance. Also pursuant to the contract, appellants were to install a drainage culvert in the driveway of the property before the transaction closed.

The culvert was installed within the agreed time, but soon after installation, heavy rainfall and resulting drainage exceeded the culvert's capacity. The pipe overflowed, and most of the gravel surrounding it was washed away. Moreover, the water covered the driveway, making passage difficult. After closing, appellants attempted to remedy the situation by replacing the gravel around the pipe. Again, however, water washed it away.

After appellants' second attempt to cure the problem, respondents consulted with an excavator who had experience in culvert installation. Based on the excavator's recommendation, respondents constructed a low water crossing over the affected area in July of 1990. After some similar problems, respondents added an extension onto the bridge. Respondents have suffered no further problems.

Respondents filed suit against appellants on September 24, 1990. The petition alleged $5,000.00 in damages for failure to adequately and reasonably install the culvert. The damages were later amended by respondents to the amount of $10,000.00. Respondents further alleged that an implied term of the sale contract was that the culvert be sufficiently large to handle the water in the ditch. Appellants only replied that they were not experts in installing culverts, and further, that appellants had

made no affirmative warranty that the culvert would be adequate to handle the water in the ditch.

The cause went to trial on April 1, 1992. Both parties waived a jury trial, so the case was tried before the court. At the close of the single-day trial, the court gave judgment for respondents in the amount of $5,243.90 plus costs. This appeal ensued.

■ Appellants first alleged the trial court erred by entering judgment for respondents because appellants had never warranted to respondents that the culvert would be sufficient to handle the water in the ditch. This argument is clearly meritless. One need only imagine the implications of such a ruling to see the fallacies of appellants' reasoning. If appellants' assertions are true, each contract for construction or fabrication of an object would have to include a clause specifically stating the thing provided would be fit for the very purpose for which it was ordered. To avoid this needless formality, the law implies a covenant to exercise proper skill in the performance of work, absent specific provisions to the contrary. *Freeman Contracting Co. v. Lefferdink*, 419 S.W.2d 266, 275 (Mo.App., St.L.D.1967). The installation of a culvert inadequate to the task is a breach in the exercise of proper skill, for which appellants must answer. Point denied.

■ For their second point, appellants claim no substantial evidence was adduced to support a finding that the installation of the pipe was performed in a non-workmanlike manner. Without expert testimony, appellants assert, a trial court cannot hold that a particular construction job was not done in a workmanlike manner. Again, the *Freeman* case is instructive. In that case, a homeowner employed a contractor to raise a house's foundation and install piers. Once the job was finished, homeowner complained that the fireplace had been shoved out of line, a basement wall was no longer straight, and several windows were out of square and non-functional. The *Freeman* court stated that the above complaints were insufficient to justify ruling that the contractor used bad workmanship, because

raising and piering a foundation is not within the realm of general public knowledge. Therefore, without expert guidance, the court felt unqualified to make the determination. *Freeman*, 419 S.W.2d at 275.

In the case at bar, however, we are presented with a much simpler dilemma than the one in *Freeman*. The job of rerouting water under a driveway is more within the general public knowledge than the foundation work in *Freeman*. Thus, with adequate evidence, a court might properly find the culvert in the instant case was installed in a non-workmanlike manner without having to resort to expert testimony.

■ Our review is according to *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Turning to the record, we find the culvert flooded twice before closing and numerous times afterward, whenever heavy rains fell. As the culvert was specifically intended to alleviate just this problem, we cannot say the trial court erred in finding the appellants used bad workmanship.

Affirmed.

SMITH and STEPHAN, JJ., concur.